UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALDEAN NUNES,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security Administration,<br><br>　　　　　　　　　Defendant. | Case No. 3:14-cv-00575-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

## I.   BACKGROUND AND SUMMARY

Before the Court is Magistrate Judge William G. Cobb's Report and Recommendation ("R&R") (ECF No. 17) regarding Plaintiff Geraldean Nunes' ("Nunes") Motion for Remand or Reversal of the Commissioner's Decision (ECF N. 12) and Defendant Commissioner Carolyn W. Colvin's ("the Commissioner") Opposition and Cross-Motion to Affirm. (ECF No. 13.)

The following relevant background facts are taken from the R&R. Nunes filed applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI) on January 28, 2011, and February, 7, 2011. The Social Security Administration (SSA) denied Nunes' applications upon initial review and again upon reconsideration. Nunes then appeared before an administrative law judge ("ALJ") on February 11, 2013. The ALJ issued a decision on April 20, 2013, finding that Nunes was not disabled for the purposes of her applications. Nunes' request for review was denied by the Appeals Council. She then sought review from this Court.

1     Magistrate Judge Cobb issued the R&R on February 9, 2016, concluding that the ALJ erred in ignoring medical opinions and in assessing Nunes' credibility. The R&R recommends that the matter be remanded back to the ALJ for further proceedings.[1] (ECF No. 17.) The Commissioner timely filed an objection (ECF No. 18) and Plaintiff filed a response. (ECF No. 19.) The Court has also reviewed the administrative record manually filed by the Commissioner.[2] (ECF No. 9.) For the reasons stated below, the R&R is accepted and adopted in full.

## II.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of the Commissioner's objection, the Court engages in a *de novo* review of the two portions of the R&R relevant to the objection.

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). The Court must consider the entire record as a whole to determine whether

---

[1]The R&R further details the procedural history of Nunes' claims, a complete summary of the ALJ's findings and relevant testimony, and the applicable standards set out by the Social Security Act. (ECF No. 17 at 1-6.) These portions of the R&R are not in dispute, and the Court adopts them in full. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed).

[2]For ease of reference, the Court will cite to the administrative record as AR.

substantial evidence exists, and must consider evidence that both supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 523 (citation omitted). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

### III.   ANALYSIS

The R&R finds that the ALJ erred in two ways. First, the ALJ did not provide adequate reasons for disregarding a medical opinion, and second, the ALJ discredited Nunes' own subjective testimony without citing clear and convincing reasons based on substantial evidence in the record.

Specifically, the R&R finds that the ALJ did not provide reasons for partially rejecting the uncontradicted opinion of Dr. Steven Gerson, D.O., who suggested that Nunes was limited to 4 hours of standing or walking in a given workday. Instead, the ALJ found that Nunes was able to stand and walk for 6 hours during a workday. This improperly supported finding led the ALJ to conclude that Nunes has the residual functional capacity to perform light work. (ECF No. 17 at 15-16.) The R&R additionally states that the ALJ erred because she did not set forth specific, clear, and convincing reasons for rejecting Plaintiff's testimony as to the severity of her symptoms.

The R&R thus recommends that the Court deny the Commissioner's Cross-Motion to Affirm (ECF No. 16) and grant Plaintiff's Motion for Remand. (ECF No. 13.) The R&R recommends that the case be remanded to the ALJ for further proceedings.

### A.   Medical Opinion of Dr. Gerson

The Court first considers whether the ALJ erred in giving little weight to Dr. Gerson's opinion that Nunes was limited to 4 hours of standing or walking and 6 hours of sitting during a workday. While it is true that the ALJ may disregard the opinions of medical experts, the ALJ must articulate the rejection and the reasons for doing so. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "[A]n ALJ errs when he rejects a medical opinion or

assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).  When a treating or examining physician's opinion is not contradicted, "the ALJ must provide 'clear and convincing reasons that are supported by substantial evidence" for rejecting the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (citation and quotation marks omitted); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citation omitted).

In her determination, the ALJ noted that she was taking into account "claimant's daily activities . . . inconsistent reports of pain and some notations of full range of motion of the back and ambulation with a normal gait." (AR at 30.)  The R&R concludes that the ALJ's explanation was not supported by substantial evidence, and points to numerous examples from the record of Nunes' consistent reports of pain and an abnormal gate. (ECF No. 17 at 15.) The R&R also concluded that Nunes' testimony about her daily activities, though it includes some physical activity, is largely consistent with Dr. Gerson's finding that she could stand or walk for no more than 4 hours during a work day. (*Id.* at 10.)

The Commissioner argues that the ALJ's decision was correct and supported by substantial evidence, including assessments and recommendations from Nunes' treating physicians. (ECF No. 18 at 3-4.) The portions of the AR that the Commissioner cites, however, do not directly conflict with Dr. Gerson's conclusions and in a number of places support them. For example, the Commissioner cites reports from Dr. Michael J. Murray. (ECF No. 18 at 3 (citing AR 476-80).)  While these reports indicate that Nunes was "well-developed, well nourished . . . in no acute distress," they also indicate that she suffers from significant pain, nausea, and other complications. (*Id.*) There is nothing in the portions of the AR that the Commissioner cites to that indicate Dr. Gerson's opinions were incorrect. And even if there was, the ALJ was obligated to "[set] out a detailed and

4

thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof." *Garrison*, 759 F.3d at 1012. The R&R was correct in determining that the ALJ opinion failed to meet this standard.

Therefore, the Court agrees with the R&R that the ALJ erred in setting aside Dr. Gerson's conclusion that Nunes was limited to 4 hours of standing during a workday without justifying her decision to do so with specific reasons based on substantial evidence.

### B.   Plaintiff's Testimony

The Court next considers whether the ALJ erred in her assessment of Nunes' credibility. The ALJ found that Nunes' statements concerning her symptoms were not entirely credible based on the objective medical evidence, Nunes' daily activities, and inconsistencies in the record. (AR at 29.) The R&R addressed each of these claims in turn and concluded that the ALJ's determination was not supported by clear and convincing reasons based on substantial evidence. (ECF No. 17 at 21.) The Commissioner argues that the Magistrate Judge was improperly acting as a fact finder, and the ALJ correctly relied on relevant evidence in the record. (ECF No. 18 at 8.)

The ALJ is responsible for determining credibility. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "If the claimant meets the first test and there is no evidence of malingering, the ALJ may only reject the claimant's testimony about the severity of the symptoms if he or she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at 1036). An ALJ's findings are supported by substantial evidence if they are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th

Cir. 1991). "[T]he claimant is *not* required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Garrison*, 759 F.3d at 1014 (emphasis in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). The ALJ may not reject subjective pain testimony "on the sole ground that it is not fully corroborated by objective medical evidence[.]" *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The R&R found each of the ALJ's bases for discrediting Nunes' testimony lacking. First, the R&R cited a long list of medical evidence supporting Nunes' claim that her lumbar spine condition has worsened since 2002. (ECF No. 17 at 19-20.) The Commissioner suggests that even if there is medical evidence that Nunes' condition has worsened over time, this does not "equate with disability." (ECF No. 18 at 5.) Of course, this may be true, but the relevant inquiry here is whether the medical evidence creates a basis for finding the existence of an impairment which "could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, v. 504 F.3d at 1036. Here, the ALJ discredited Nunes' statements about the "intensity, persistence, and limiting effects" of her symptoms even though, as the R&R identified, there was a clear and well documented history of back pain stemming from a worsening back condition. (AR at 29.) The R&R was correct in concluding that the evidence showed that the ALJ erred in finding that Nunes' subjective symptoms lacked evidence in the objective record.

Next, the R&R noted that the ALJ's general finding that Nunes' daily activities were inconsistent with her testimony about her condition was imprecise and not supported by the record. (ECF No. 17 at 20.) The R&R correctly indicated that Nunes testified she was able to perform some household tasks, such as prepare simple meals and retrieve the mail, and correctly concluded that these behaviors did not conflict with her testimony. At the very least, the R&R found, the ALJ had not indicated which activities conflicted with which portion of Nunes' testimony. For those reasons, the R&R appropriately concluded that the ALJ was also mistaken in discrediting Nunes' testimony

6

based on reports of her daily activities. The Court agrees with the R&R on this ground as well.

Third, the R&R correctly found that, while there were some inconstancies in Dr. Gerson's report concerning Nunes' claims about her range of motion in her shoulders and arms, there were no inconsistencies in regards to her back pain. (ECF No. 17 at 21.) The Commissioner argues that if Nunes was inconsistent in the presentation of any of her symptoms, the ALJ was justified in making a blanket finding that her testimony was unreliable. (ECF No. 18 at 6-7.) As an initial matter, this argument is in tension with the Ninth Circuit's requirement that the ALJ's explanations be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell*, 947 F.2d at 345-46. Beyond that, it is not clear from the record that such a conclusion is warranted from the inconsistencies the Commissioner points out, and it is certainly not spelled out by the ALJ specifically, clearly, or convincingly. The Court also agrees with the R&R on this factor.

Lastly, the Commissioner briefly argues that the magistrate judge failed to take into account new arguments not relied upon by the ALJ in evaluating Nunes' credibility. Namely, the Commissioner argues that Nunes' testimony that she had received unemployment benefits undermines the credibility of her claim that she was unable to work. (ECF No. 13 at 13.) While the Commissioner is correct that the Ninth Circuit has recognized that the Commissioner may, in a limited way, provide "additional support" for the ALJ's conclusions, *see See Warre v. Comm'r of Soc. Sec.,* 439 F.3d at 1001, 1005, n.3 (9th Cir. 2006), collecting unemployment benefits is only inconsistent with Nunes' claims if she held herself as available to work full time. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The record here, like the record in *Carmickle*, does not establish that fact. Therefore, the additional argument that the Commissioner has provided is unpersuasive.

///

For these reasons, the Court agrees with the R&R's analysis and finds that the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## IV. CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 17) is accepted and adopted in full. Plaintiff's Motion to Remand (ECF No. 12) is granted. Defendant Commissioner Carolyn W. Colvin's Opposition and Cross-Motion to Affirm (ECF No. 13) is denied.

This case is remanded to the ALJ for further proceedings. The Clerk is directed to close this case.

DATED THIS 26th day of May 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE